People v Merrick (2025 NY Slip Op 00025)

People v Merrick

2025 NY Slip Op 00025

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Ind. No. 1319/21 Appeal No. 3385 Case No. 2023-04054 

[*1]The People of the State of New York, Respondent,
v
Dante Merrick, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven J. Hornstein, J.), rendered July 6, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a prison term of three and one-half years to be followed by four years of postrelease supervision, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), thus foreclosing review of his claim that the postrelease supervision portion of his sentence is excessive (see People v Castillo, 226 AD3d 573, 574 [1st Dept 2024], lv denied 41 NY3d 1017 [2024]; People v Orenstein, 230 AD3d 1068, 1069 [1st Dept 2024]). In any event, we perceive no basis to reduce the term of postrelease supervision (see People v Delgado, 80 NY2d 780, 783 [1992]; Castillo, 226 AD3d at 575).
Defendant's Second Amendment challenge to the statute to which he pleaded guilty (Penal Law § 265.03[3]), as well as to the other statutes under which he was charged, is likewise waived, and at any rate requires preservation (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; People v David, 41 NY3d 90, 96 [2023]; see also People v Stewart, 226 AD3d 624, 625 [1st Dept 2024], lv denied 41 NY3d 1021 [2024]). We decline to review the issue in the interest of justice.
As an alternative holding, we find that with respect to three of the four statutes he seeks to challenge — Penal Law §§ 265.01(1), 265.01-b(1), and 265.03(3) — defendant does not have standing to challenge New York's gun licensing scheme because he did not apply for a gun license (see Castillo, 226 AD3d at 574; see also People v Gray, 230 AD3d 1039, 1039 [1st Dept 2024]; People v Khan, 225 AD3d 552, 552 [1st Dept 2024]). In any event, defendant has not demonstrated that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen, (597 US 1 [2022]) (see People v DeLarosa, 219 AD3d 1230, 1230 [1st Dept 2023], lv denied 40 NY3d 1080 [2023]; People v Adames, 216 AD3d 519, 520 [1st Dept 2023], lv denied 40 NY3d 949 [2023]). Although defendant does have standing to challenge Penal Law § 265.02(8), under which "large capacity ammunition feeding devices are subject to a complete ban, rather than a licensing scheme" (People v Archibald, 225 AD3d 548, 549 [1st Dept 2024]), that challenge is nevertheless foreclosed by the appeal waiver and the lack of preservation (see Stewart, 226 AD3d at 625).
Defendant's contention that counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record, and therefore must be raised in a CPL 440.10 motion (see People v Slade, 228 AD3d 439, 439 [1st Dept 2024], lv denied 42 NY3d 940 [2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025